**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CHARLES WALTERS EQUIPMENT, LLC, | ) ( | CASE NO.: |
| | ) | JUDGE |
| Plaintiff, | ( ) | **DEMAND FOR JURY TRIAL** |
| v. | ( ) | |
| EARTHWAY PRODUCTS, INC., | ( ) | |
| Defendant. | ( | |

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT;**
**FALSE ADVERTISING AND UNFAIR COMPETITION (LANHAM ACT);**
**ILLINOIS UNIFORM  DECEPTIVE TRADE PRACTICES ACT; AND RELATED**
**RELIEF**

**INTRODUCTION**

1.     This is an action for declaratory and injunctive relief, monetary damages, and attorneys' fees arising from Defendant EarthWay Products, Inc.'s ("EarthWay") wrongful campaign to disrupt Plaintiff Charles Walters Equipment, LLC's ("CWE") business, including by: (a) asserting meritless patent infringement accusations and then abandoning them after receiving a detailed non-infringement response; (b) disseminating false and misleading comparative advertising about CWE's spreader product; and (c) weaponizing Amazon's "IP takedown" process by initiating removal of CWE-related Amazon listings without disclosing a specific enforceable IP right or providing any valid basis for the accusation, thereby causing an immediate cessation of sales.

37385250.1

2. CWE manufactures commercial rotary spreaders for turf and grounds applications, including products sold under private label for its customers and through authorized distributors such as Esbenshade's, a distributor that sells on Amazon.

3. EarthWay's conduct has caused and continues to cause CWE and its distribution chain immediate and irreparable harm, including lost sales, loss of goodwill, and disruption of established customer relationships.

4. CWE seeks: (a) a declaratory judgment of non-infringement; (b) preliminary and permanent injunctive relief prohibiting EarthWay from repeating meritless IP takedown conduct and from disseminating false and misleading commercial claims about CWE's products; and (c) monetary damages, disgorgement, and attorneys' fees as permitted by law.

## PARTIES

5. Plaintiff Charles Walters Equipment, LLC ("CWE" or "Plaintiff") is an Illinois limited liability company with its principal place of business at 110 Wind Crest Lane, New Lenox, Illinois 60451.

6. Defendant EarthWay Products, Inc. ("EarthWay") is an Indiana corporation with its principal place of business at 1009 Maple Street, Bristol, Indiana 46507, and at all relevant times has sold rotary spreaders and related products in interstate commerce in competition with CWE.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because CWE's claims arise under federal law, including the Lanham Act, 15 U.S.C. § 1125(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and because this action involves patents and patent-related declaratory relief.

37385250.1

8.      This Court has supplemental jurisdiction over CWE's state law claims under 28 U.S.C. § 1367 because those claims form part of the same case or controversy.

9.      This Court has personal jurisdiction over EarthWay because EarthWay conducts business in Illinois, sells products into Illinois, purposefully avails itself of Illinois commerce, and directed the conduct at issue toward CWE and CWE's commercial relationships, causing harm in Illinois.

10.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b) because EarthWay is subject to personal jurisdiction in this District, a substantial part of the events giving rise to the claims occurred in this District, including injury to CWE and its distribution channels, CWE is a resident of this District, and alleged acts of infringement by CWE took place in this District.

## FACTUAL ALLEGATIONS

### A. CWE's Products and Business Relationships

11.     CWE designs and manufactures rotary spreaders used for professional turf and landscape applications.

12.     CWE supplies certain spreaders under private label to customers and through authorized distributors, including Esbenshade's, which sells the products on Amazon and other channels.

13.     CWE's spreaders are independently designed and lawfully sold in interstate commerce.

37385250.1

**B. EarthWay's Prior Patent Threats and CWE's Detailed Non-Infringement Response**

14.     In 2025, EarthWay accused CWE of infringing U.S. Patent No. 10,993,368 (the "'368 Patent") and U.S. Patent No. 12,120,974 (the "'974 Patent") (collectively, the "Asserted Patents").

15.     EarthWay initially sent a June 28, 2023 letter to CWE claiming infringement of the '368 Patent, which CWE denied.

16.     EarthWay did nothing for nearly two years until June 10, 2025, when EarthWay sent CWE a letter claiming infringement of the '368 and '974 Patents. (Ex. A.) However, in that letter, EarthWay did not identify which of CWE's spreaders infringe, merely identified claim 21 of the '974 patent, and did not provide any claim chart comparing any patent claim to any of CWE products.  EarthWay also incorrectly demanded a response by April 13, 2025, a date that had already passed when it sent the June 10, 2025, letter. (*Id.*)

17.     Because EarthWay did not identify any specific CWE products or compare those products to any of EarthWay's patent claims, CWE responded on June 27, 2025 requesting that EarthWay provide: (a) which specific CWE spreaders were accused, (b) at least one specific claim asserted against each accused product, and (c) an element-by-element chart showing how the claims were allegedly met. (Ex. B.)

18.     EarthWay did not respond until September 2, 2025. (Ex. C.) EarthWay only identified two accused products from CWE, CWE Product Nos. CW1500 and CW2800. (*Id.*)

19.     On September 11, 2025, CWE responded with a detailed, element-by-element non-infringement analysis demonstrating that CWE's products do not and cannot infringe the Asserted Patents as a matter of law. (Ex. D.)

37385250.1

20.     Among other defects in EarthWay's allegations, CWE explained that CWE's products contain only one opening at the bottom of the hopper, whereas the Asserted Patents require a plurality of openings and/or a first set and second set of openings:

> Earthway asserts only one claim out of the '368 patent – claim 1. Claim 1 requires:
>
> > "a hopper including a plurality of openings in a bottom of the hopper; and
> >
> > a shut-off adjustment plate, movably coupled to the hopper below the plurality of openings and including a plurality of exit openings."
>
> Thus, Claim 1 requires two separate structures — the hopper bottom and the shut-off adjustment plate — *each containing a plurality of openings*.
>
> Baltimore | Chicago | Cleveland | Columbus | Detroit | West Palm Beach
> mcdonaldhopkins.com

---

> John F. Bennett, Esq.
> September 11, 2025
> Page 2 of 5
>
> Indeed, as shown by Earthway's own figures in the claim charts, Charles Walters' spreaders do not have a hopper (blue) "including a *plurality* of openings in a bottom of the hopper" but rather a *one* opening:



> Hopper (blue) only has one opening – not a "plurality" of openings, as shown by the entire plate (black) appearing once through that singular opening on hopper
>
> Plate (black) different from hopper (blue) – and Earthway cannot argue that the hopper (blue) equals plate (black)

> Simply put, no Court (and no person) would conclude that a singular opening at the bottom of the Charles Walters' hopper is the same as a "*plurality of openings* in a bottom of the hopper." Because the the hopper bottom doesn't have a plurality of openings, Charles Walters cannot infringe Claim 1 of the '368 Patent.

(Ex. D.)

21.     CWE further explained that EarthWay's own claim charts failed to establish required claim limitations, including failing to identify a second set of through openings

5

proximate the bottom of the hopper and failing to show different numbers of openings creating

different spread patterns:



(Ex. D.)

22.     CWE demanded that EarthWay withdraw its unsupported allegations. (Ex. D.)

EarthWay never responded.

23.     CWE also demanded confirmation that EarthWay never communicated to any

third party that CWE infringes the '368 or '974 patents. (Ex. D.)  EarthWay never responded.

37385250.1

24.     EarthWay never responded. EarthWay did not rebut CWE's non-infringement analysis, did not file suit, and did not provide any further claim charts or information.

25.     EarthWay's silence in the face of CWE's detailed non-infringement response confirms the baselessness of EarthWay's infringement threats and demonstrates that EarthWay lacked good-faith grounds to continue accusing CWE of infringement.

**C. EarthWay's False and Misleading Comparative Advertising**

26.     In 2025, EarthWay disseminated a comparative advertisement for its "PSR2K-PRO" spreader that compared an "Original Helical Cone Version" with a "New 'Pro' Version."

27.     The "New 'Pro' Version" depicted and described in EarthWay's advertisement corresponds to CWE's spreader product sold under private label for a CWE customer and is readily identifiable to purchasers in the commercial turf market.

28.     EarthWay's comparative advertisement contains multiple false, misleading, and unsubstantiated statements and implications about CWE's product, including but not limited to: (a) "Non-serviceable [gearbox], limits lifespan"; (b) "Plastic axle housing prone to wear/failure"; (c) "Set screw-based system (can loosen over time)"; (d) "New/unfamiliar shut-off system, risk of misapplication"; (e) "Modified, less proven approach"; (f) "Reduced field serviceability [and] potential durability trade-offs"; and (g) the overarching superiority claim: "Nothing matches the performance and reliability of the original."

29.     These statements were intended to mislead and did mislead customers and distributors, divert sales from CWE, and harm CWE's reputation and goodwill.

**D. EarthWay's Amazon "IP Takedown" Conduct Causing Immediate Lost Sales**

30.     On or about January 7, 2026, CWE's authorized distributor Esbenshade's received notice that Amazon deactivated multiple listings (ASINs) for CWE products based on

7

"Legal Removal – Intellectual Property Violations." The affected ASINs include: BOCSLHLF7G, BOCSL3Y2PT, BOCSKMLPFY, BOCSKV8H6D, and BOCSLDX28F.

31.     Amazon advised that the listings were deactivated because Amazon "received a report from a rights owner that may infringe upon their intellectual rights," and that reinstatement required either (a) a court order or (b) a retraction submitted by the rights owner.

32.     Amazon's takedown notice did not identify what IP right was allegedly infringed, did not provide a patent number, trademark registration, or copyright information, and did not identify the complaining entity.

33.     The only rights-owner information visible to the seller related to the takedown listed an attorney contact associated with EarthWay's prior 2025 assertions.

34.     EarthWay caused or authorized submission of the Amazon takedown report to disrupt CWE's sales and commercial relationships, without a good-faith basis and without providing CWE any notice or information.

35.     EarthWay's Amazon takedown conduct is consistent with its broader course of conduct: asserting meritless patent threats, ignoring CWE's detailed non-infringement response, and using deceptive comparative advertising and third-party communications to interfere with CWE's distribution channels.

36.     As a direct and proximate result of the Amazon takedown, sales of the affected products ceased, and CWE and its distribution chain suffered and continue to suffer lost sales, lost goodwill, and disruption of established business relationships, the full amount of which will be established through discovery. CWE's lost sales and profits attributable to the deactivated ASINs identified above, and diverted sales to EarthWay, will be established at trial through sales data, margin analyses, and expert testimony

37385250.1

## COUNT I

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### (28 U.S.C. §§ 2201-2202)

37.     CWE incorporates by reference paragraphs 1 through 36.

38.     EarthWay asserted that CWE infringes the Asserted Patents, including by threatening infringement claims in 2025 and by causing an Amazon IP takedown affecting CWE's products and sales channels in 2026.

39.     An actual, immediate, and justiciable controversy exists between CWE and EarthWay regarding whether CWE's products infringe the Asserted Patents.

40.     CWE's products do not infringe, directly or indirectly, any valid claim of the Asserted Patents.

41.     CWE is entitled to a declaratory judgment that CWE does not infringe any valid and enforceable claim of the Asserted Patents.

## COUNT II

### FALSE ADVERTISING AND UNFAIR COMPETITION
### (LANHAM ACT, 15 U.S.C. § 1125(a)(1)(B))

42.     CWE incorporates by reference paragraphs 1 through 41.

43.     EarthWay made false and misleading statements of fact and misleading omissions in commercial advertising and promotion regarding CWE's goods, including statements disparaging CWE's product construction, durability, calibration, shut-off function, and performance, and claiming superiority for EarthWay's product.

44.     The statements were material and likely to influence purchasing decisions in the commercial turf market.

37385250.1

45.     The statements entered interstate commerce and injured CWE, including through diversion of sales, loss of goodwill, reputational harm, and disruption of customer and distributor relationships.

46.     EarthWay knew or should have known the statements were false, misleading, unsubstantiated, and/or made with reckless disregard for their truth.

47.     As a result of EarthWay's conduct, CWE has suffered damages and is entitled to injunctive relief, corrective advertising, disgorgement of EarthWay's profits, actual damages, treble damages where applicable, and attorneys' fees in an exceptional case.

48.     CWE seeks defendant's profits, any damages sustained by CWE, and the costs of the action, together with treble damages where permitted, and attorneys' fees in an exceptional case.

**<u>COUNT III</u>**
**ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**(815 ILCS 510/1 et seq.)**

49.     CWE incorporates by reference paragraphs 1 through 48.

50.     EarthWay engaged in deceptive trade practices, including but not limited to: (a) disparaging CWE's goods by false representations of fact (in violation of 815 ILCS 510/2(a)(8)); (b) representing that EarthWay's goods have characteristics or benefits that they do not have, or that CWE's goods have defects they do not have (in violation of 815 ILCS 510/2(A)(5)); (c) representing that EarthWay's goods are of a particular standard, quality, or grade when they are not (in violation of 815 ILCS 510/2(A)(7)); and (d) engaging in other conduct that creates a likelihood of confusion or misunderstanding as to the characteristics, uses, benefits, or quality of the goods at issue (in violation of 815 ILCS 510/2(A)(12)).

37385250.1

51.     EarthWay's conduct has caused and is likely to cause injury to CWE and its commercial relationships.

52.     CWE seeks injunctive relief under 815 ILCS510/3 (without the need to prove actual damages or confusion), and recovery of reasonable attorneys' fees and costs to the extent permitted for willful or bad-faith conduct, CWE does not seek monetary damages under this Count.

## COUNT IV
### UNFAIR COMPETITION
### (ILLINOIS COMMON LAW)

53.     CWE incorporates by reference paragraphs 1 through 52.

54.     EarthWay engaged in unfair competition under Illinois common law by, among other things, publishing and disseminating false and misleading comparative advertising, threatening and implying infringement without good-faith grounds, and interfering with CWE's distribution channels through an improper Amazon takedown.

55.     EarthWay's conduct was intentional, improper, and calculated to harm CWE's business relationships and sales channels.

56.     CWE has suffered damages as a proximate result.

57.     CWE seeks defendant's profits, any damages sustained by CWE, and the costs of the action, together with treble damages where permitted, and attorneys' fees in an exceptional case.

## COUNT V
### TORTIOUS INTERFERENCE WITH
### PROSPECTIVE ECONOMIC ADVANTAGE
### (ILLINOIS COMMON LAW)

58.     CWE incorporates by reference paragraphs 1 through 57.

37385250.1

59.     CWE has valid business relationships and expectancies with distributors and customers, including Esbenshade's and CWE's private-label customer(s), including expected ongoing Amazon sales.

60.     EarthWay knew of these relationships and expectancies or was substantially certain its conduct would disrupt them.

61.     EarthWay intentionally interfered with these relationships by initiating or causing an Amazon IP takedown and by disseminating false and misleading comparative advertising.

62.     EarthWay's interference was improper and without privilege or justification.

63.     CWE has suffered damages, including lost sales and harm to goodwill.

64.     CWE seeks defendant's profits, any damages sustained by CWE, and the costs of the action, together with treble damages where permitted, and attorneys' fees in an exceptional case.

**COUNT VI**
**COMMERCIAL DISPARAGEMENT / TRADE LIBEL**
**(ILLINOIS COMMON LAW)**

65.     CWE incorporates by reference paragraphs 1 through 64.

66.     EarthWay published false and misleading statements of facts about CWE's products-concerning purportedly inferior durability, reliability, serviceability, safety performance-in comparative advertising and related communications, including statements disseminated to or through Amazon, knowing the statements were false or acting with reckless disregard for their truth; at a minimum, EarthWay failed to exercise reasonable care as to t heir truth or falsity.

67.     The statements were published to customers, distributors, and market participants, including but not limited to Esbenshade's and Amazon Decisionmakers responsible for listing

37385250.1

status, were unprivileged commercial disparagements "of and concerning" CWE's goods, and were intended and reasonably likely to deter third parties from dealing with CWE.

68.     CWE has suffered special damages, including quantifiable lost sales and lost profits proximately caused by the disparagement-such losses tied to the deactivation of Amazon ASINs BOCSLHLF7G, B0CSL3Y2PT, B0CSKMLPFY, BOCSKV8H6D, AND B0CSLDX28F and the diversion of sales to EarthWay-and other pecuniary harm to be proven at trial.

69.     CWE seeks defendant's profits, any damages sustained by CWE, and the costs of the action, together with treble damages where permitted, and attorneys' fees in an exceptional case.

### REQUEST FOR INJUNCTIVE RELIEF (REALISTIC AND ENFORCEABLE)

70.     CWE incorporates by reference paragraphs 1 through 69.

71.     EarthWay's conduct has caused and is likely to continue causing irreparable injury to CWE, including loss of control over its commercial reputation, loss of customer relationships, and loss of goodwill.

72.     Monetary damages alone are inadequate to fully remedy the ongoing harm caused by EarthWay's Amazon takedown conduct and false advertising campaign.

73.     CWE is entitled to preliminary and permanent injunctive relief requiring EarthWay to: (a) retract any Amazon takedown reports or communications to Amazon alleging CWE's products violate EarthWay's intellectual property rights; (b) refrain from submitting further Amazon takedown requests against CWE products absent good-faith substantiation identifying the specific IP right allegedly infringed and the factual basis for the accusation; and (c) cease and desist from disseminating the false and misleading comparative advertising statements identified above (and substantially similar statements).

13

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CWE respectfully requests that the Court enter judgment in its favor and grant the following relief:

A. A declaration that CWE does not infringe any valid and enforceable claim of the Asserted Patents;

B. A preliminary and permanent injunction requiring EarthWay to retract any Amazon takedown notice(s) and prohibiting EarthWay from submitting further takedown requests absent good-faith substantiation identifying the specific IP right and factual basis;

C. A preliminary and permanent injunction prohibiting EarthWay from disseminating false or misleading comparative advertising about CWE's products;

D. An award of CWE's actual damages, including lost profits and consequential damages arising from the takedown and resulting cessation of sales;

E. Disgorgement of EarthWay's profits attributable to the unlawful conduct;

F. Treble damages where permitted by law;

G. Corrective advertising and related equitable relief;

H. An award of attorneys' fees and costs, including under the Lanham Act in an exceptional case and as otherwise permitted;

I. Pre-judgment and post-judgment interest;

K. An award of Defendant's profits, any damages sustained by CWE, and the costs of the action, as permitted under applicable law;

L. Punitive or exemplary damages on CWE's common-law claims to the extent permitted by law; and,

M. Such other and further legal and equitable relief as the Court deems just and proper.

14

37385250.1

Dated: January 14, 2026                          Respectfully submitted,


                                                 /s/ James P. Muraff
                                                 James P. Muraff
                                                 MCDONALD HOPKINS LLC
                                                 300 North LaSalle, Suite 1400
                                                 Chicago, IL 60654
                                                 Phone: (312) 371-6265
                                                 jmuraff@mcdonaldhopkins.com

                                                 *Attorney for Plaintiff Charles Walters
                                                 Equipment LLC*


## DEMAND FOR JURY TRIAL


Pursuant to Fed. R. Civ. P. 38(b), plaintiff hereby demands a trial by jury as to all claims

and all issues triable by jury.


                                                 */s/ James P. Muraff*
                                                 *Attorney for Plaintiff Charles Walters
                                                 Equipment, LLC*


15

37385250.1